UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>    Petitioner,<br><br>vs.<br><br>DARIN YOUNG,<br><br>    Respondent. | 5:18-CV-05081-JLV<br><br>REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS (DOC. 11) |

## INTRODUCTION

This matter is before the court on Petitioner Randy Lee Rindahl's *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 1). Mr. Rindahl filed the pending habeas petition on November 8, 2018. Id. Respondent filed a Motion to Dismiss Mr. Rindahl's petition on August 19, 2019. (Doc. 11). The pending matter was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTS

On December 16, 1988, Mr. Rindahl entered into an agreement in which he entered a plea of guilty to Counts II and III of the state Information, which charged First Degree Manslaughter and Aggravated Assault, respectively. (Doc. 13-1; Doc. 13-2). On January 16, 1989, Mr. Rindahl was sentenced by the Honorable John K. Konenkamp of the Seventh Judicial Circuit in the State of South Dakota to serve seventy-five (75) years in the South Dakota State

1

Penitentiary for the conviction of First Degree Manslaughter, with credit for time served in the Pennington County Jail in the amount of one hundred and eighteen (118) days. (Doc. 13-1). On January 16, 1989, Mr. Rindahl was sentenced to serve fifteen (15) years in the South Dakota State Penitentiary for the conviction of Aggravated Assault. (Doc. 13-2). The fifteen year sentence for Aggravated Assault was ordered to be served consecutively to the seventy-five year sentence for First Degree Manslaughter. Id. at p. 2.

Mr. Rindahl subsequently filed a Motion for Modification of Sentence on February 14, 1989. (Doc. 13-3). That Motion was denied on February 16, 1989. (Doc. 13-4). On October 25, 1989, following Mr. Rindahl's appeal, the South Dakota Supreme Court affirmed the judgment of the Circuit Court. State v. Rindahl, 449 N.W.2d 844 (S.D. 1989). On January 25, 2012, Mr. Rindahl filed a petition for Writ of Habeas Corpus in the Circuit Court for the Seventh Judicial Circuit in South Dakota. (Doc. 13-5; Doc. 13-6). That state habeas petition was dismissed on February 8, 2012, due to untimeliness resulting from Mr. Rindahl's "22 year delay in filing his application." (Doc. 13-7). On August 14, 2018, Mr. Rindahl filed a second state petition for Writ of Habeas Corpus. (Doc. 13-8). That second application was returned by the state court on August 24, 2018 because Mr. Rindahl had not received authorization from the court to file a subsequent habeas application. (Doc. 13-9). Mr. Rindahl filed the pending federal 28 U.S.C. § 2254 habeas petition on November 8, 2018. (Doc. 1). The Respondent moved to dismiss Mr. Rindahl's

petition pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 2244(d)(1). (Doc. 11; Doc. 13). Mr. Rindahl opposed the motion. (Doc. 14).

For the reasons discussed below, this court respectfully recommends granting Respondent's Motion to Dismiss (Doc. 11) and dismissing Mr. Rindahl's § 2254 habeas petition (Doc. 1).

## DISCUSSION

I. **Applicable Legal Standards**

   A. **Fed R. Civ P. 12(b)(6) Motion to Dismiss**

Respondent's motion to dismiss is based on Fed. R. Civ. P. 12(b)(6), which allows dismissal if the petitioner has failed to state a claim upon which relief can be granted. Petitioners must plead "enough facts to state a claim to relief that is plausible on its face." Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). There is also a "plausibility standard" which "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the petitioner has a valid claim. Id. at 556. The petitioner's complaint must contain sufficiently specific factual allegations in

order to cross the line between "possibility" and "plausibility" of entitlement to relief. Id.

There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a petitioner armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)). Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has alleged-but has not "show[n]"-that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679.

The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth. Id. at 679-680. Legal conclusions must be supported by factual allegations demonstrating the grounds for a petitioner's entitlement to relief. Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). A court should assume the truth only of "well-pleaded factual

allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. These are the principles guiding the court's evaluation of respondents' motion.

### B.     Principles Generally Applicable to § 2254 Petitions

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions." Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." Williams v. Taylor, 529 U.S. 362, 405–06 (2000). A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly. Id. at 411. "Rather, that application must also be unreasonable." Id.

**C.    Statute of Limitations Applicable to 28 U.S.C. § 2254**

Petitions for habeas relief in federal court collaterally attacking state court convictions are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA contains a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> (d) (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitations period, at "(1) either the conclusion of all direct criminal

appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time limit to file an appeal with the Supreme Court of South Dakota is thirty days. SDCL § 23A-32-15. The time limit to file an appeal with the Supreme Court of the United States in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within [ninety] days after entry of the judgment."[1]

## II.     Mr. Rindahl's § 2254 Habeas Petition is Untimely

Mr. Rindahl's petition was filed outside of the one-year statute of limitations. Mr. Rindahl's sentencing took place on January 16, 1989. His conviction was affirmed on October 25, 1989 by the South Dakota Supreme Court. State v. Rindahl, 449 N.W.2d 844 (S.D. 1989). Mr. Rindahl's conviction became final ninety days later, on January 23, 1990, when time expired to file a writ of certiorari with the U.S. Supreme Court. The present habeas petition was filed on November 8, 2018. (Doc. 1). Twenty-eight years, nine months, and sixteen days passed between the date when his conviction became final and the date of his federal habeas petition. The time period exceeds AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

---

[1] SUPREME COURT RULE 13, REVIEW ON CERTIORARI: TIME FOR PETITIONING (effective July 1, 2019) at p. 9, https://www.supremecourt.gov/ctrules/2019RulesoftheCourt.pdf.

The statute of limitations is not a jurisdictional bar and is subject to both statutory and equitable tolling. 28 U.S.C. § 2244(d)(2); see Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The one-year time period is statutorily tolled by the time during which a properly-filed application for state post-conviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006). The time limit is equitably tolled when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Baker, 321 F.3d at 771. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling presents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (internal quotations omitted).

Here, Mr. Rindahl fails to show that the one-year statute of limitations is subject to either statutory or equitable tolling. First, Mr. Rindahl has not shown any state post-conviction proceeding or other collateral proceeding that would subject his case to statutory tolling. Second, Mr. Rindahl fails to demonstrate any extraordinary circumstances preventing the timely filing of this petition. Because Mr. Rindahl cannot show that the one-year statute of limitations should be tolled, AEDPA bars review of the merits of his petition. See Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002).

Because Mr. Rindahl cannot show that the one-year statute of limitations should be tolled, AEDPA bars review of the merits of his petition. See Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002).

## CONCLUSION

Because Mr. Rindahl did not file his petition within the one-year statute of limitations, the court respectfully recommends the following:

1. Respondents' Motion to Dismiss (Doc. 11) be granted;
2. Mr. Rindahl's § 2254 petition (Doc. 1) be dismissed with prejudice because it is untimely; and
3. Petitioner's Motion to be Brought Forth (Doc. 7) be denied as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 24th day of September, 2019.

BY THE COURT:

/s/ Daneta Wollmann

DANETA WOLLMANN
United States Magistrate Judge

9