UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>              Petitioner,<br><br>vs.<br><br>DARIN YOUNG,<br><br>              Respondent. | CIV. 18-5081-JLV<br><br>ORDER |

**INTRODUCTION**

Petitioner Randy Rindahl filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 ("2254 Petition"). (Docket 1). Respondent Darin Young filed a motion to dismiss petitioner's 2254 Petition. (Docket 11). Pursuant to a standing order of April 1, 2018, the matter was referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation ("R&R"). The magistrate judge recommended the court dismiss with prejudice petitioner's 2254 Petition as untimely. (Docket 15 at p. 9). Mr. Rindahl timely filed objections to the R&R. (Docket 16). For the reasons set forth below, the court overrules Mr. Rindahl's objections and adopts the R&R.

**ANALYSIS**

The court reviews *de novo* those portions of the R&R which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990);

28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Rindahl asserts four objections to the R&R. Those are summarized as follows:

1. The state court did not have the statutory authority to enter into a plea agreement in his criminal case;

2. The State of South Dakota lacked jurisdiction to prosecute Mr. Rindahl;

3. The state court imposed an illegal sentence; and

4. The state court improperly rejected Mr. Rindahl's second petition for a writ of habeas corpus.

Petitioner's objections will be separately addressed.

Mr. Rindahl did not object to the factual findings made by the magistrate judge. The court adopts the factual findings stated in the R&R. A short summary of those facts is presented here to put Mr. Rindahl's objections into perspective.

On December 16, 1988, Mr. Rindahl entered into a plea agreement with the Pennington County States Attorney and he entered a plea of guilty to Count II, First Degree Manslaughter, and Count III, Aggravated Assault. (Docket 15 at p. 1) (referencing Dockets 13-1 and 13-2). On January 16, 1989, Mr. Rindahl was sentenced by the Circuit Court Judge John K. Konenkamp of the Seventh Judicial Circuit, Pennington County, South Dakota, to serve 75 years on Count I and 15 years on Count II in the South Dakota State Penitentiary.

Id. at pp. 1-2 (referencing Dockets 13-1 and 13-2). Judge Konenkamp ordered the sentence to be served consecutively. Id. at p. 2 (referencing Docket 13-2).

Mr. Rindahl filed a motion for modification of the sentence on February 14, 1989. Id. at p. 2 (referencing Docket 13-3). On February 16, 1989, the court denied the motion. Id. (referencing Docket 13-4). On October 25, 1989, the South Dakota Supreme Court affirmed the judgment of the circuit court. Id. (referencing State v. Rindahl, 449 N.W.2d 844 (S.D. 1989)).

On January 25, 2012, Mr. Rindahl filed a petition for writ of habeas corpus in state court. Id. (referencing Dockets 13-5 and 13-6). On February 8, 2012, a different state court judge dismissed the petition with prejudice. Id. (referencing Docket 13-7). Based on the 22-year delay, the state judge denied a certificate of probable cause pursuant to S.D.C.L. § 21-27-18.1. (Docket 13-7). On August 14, 2018, Mr. Rindahl filed a second state petition for writ of habeas corpus. Id. (referencing Docket 13-8). The second petition was returned by the state court on August 24, 2018, because Mr. Rindahl had not received authorization pursuant to S.D.C.L. § 21-27-5.1 to file a subsequent habeas petition. Id. (referencing Docket 13-9).

Mr. Rindahl's 2254 Petition was filed on November 8, 2018. (Docket 1). Respondent filed a motion to dismiss the 2254 Petition pursuant to 28 U.S.C. § 2244(d)(1) and Fed. R. Civ. P. 12(b)(6). (Dockets 11 and 13). Mr. Rindahl filed a response opposing respondent's motion. (Docket 14).

Mr. Rindahl's first objection is the same argument asserted before the magistrate judge. (Docket 14 at pp. 1-2). Mr. Rindahl contends the Seventh Circuit Court lacked the authority to enter into the plea agreement because of S.D.C.L. § 53-2-1. Id. at p. 2; see also Docket 16 at pp. 3-4. That section provides "[a]ll persons are capable of contracting except minors, persons of unsound mind, and persons deprived of civil rights." S.D.C.L. § 53-2-1. The plea agreement which formed the basis of Mr. Rindahl's guilty pleas was executed with the Pennington County States Attorney. There is no allegation that either States Attorney Groff or Mr. Rindahl were individuals to whom the statute would apply. Section 53-2-1 plays no part in the analysis of the plea agreement. Mr. Rindahl's objection is without merit.

Mr. Rindahl's second objection claims the state court had no jurisdiction over his criminal case. Mr. Rindahl cites Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998), as authority supporting his argument the state court did not have jurisdiction. (Docket 16 at p. 3). While the general principle is correct: "it is axiomatic that [a federal court] may grant the writ of habeas corpus upon the ground of lack of jurisdiction in the sentencing court[,]" Mr. Rindahl presents no valid argument the state court did not have jurisdiction over his case. Wright, 151 F.3d at 158. Mr. Rindahl's second objection is without merit.

Mr. Rindahl's third objection is the state court imposed an illegal sentence. (Docket 16 at p. 4). He claims his motion to correct an illegal sentence pursuant to S.D.C.L. § 23A-31-1 should have been granted. Id. Mr. Rindahl's motion for modification of sentence asserted the sentence imposed was excessive and violated his constitutional rights. (Docket 13-3). Both the state circuit court and the South Dakota Supreme Court rejected Mr. Rindahl's claims. (Docket 13-4; Rindahl, 449 N.W.2d 844). The 2254 Petition and Mr. Rindahl do not identify how the sentence imposed by the state court was excessive or how the sentence violated Mr. Rindahl's constitutional rights. Mr. Rindahl's third objection is denied.

Mr. Rindahl's last objection asserts the state court improperly rejected his second state petition for a writ of habeas corpus. Petitioner argues the state court failed to enter a final judgment and failed to issue a certification of probable cause. (Docket 16 at pp. 4-5). South Dakota law dedicates the procedure by which a second petition for a writ of habeas corpus is addressed.

> Before a second or subsequent application for a writ of habeas corpus may be filed, the applicant shall move in the circuit court of appropriate jurisdiction for an order authorizing the applicant to file the application.
>
> The assigned judge shall enter an order denying leave to file a second or successive application for a writ of habeas corpus unless:
>
> (1) The applicant identifies newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the applicant guilty of the underlying offense; or

> (2) The application raises a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court and the South Dakota Supreme Court, that was previously unavailable. The grant or denial of an authorization by the circuit court to file a second or subsequent application shall not be appealable.

S.D.C.L. § 21-27-5.1.

"A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Walker v. Martin, 562 U.S. 307, 315 (2011) (citing Beard v. Kindler, 558 U.S. 53, 55 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (referencing Wainwright v. Sykes, 433 U.S. 72, 81-82 (1977)). "[A]bsent showings of 'cause' and 'prejudice,' . . . federal habeas relief will be unavailable when (1) 'a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Id. at 316 (referencing Sykes, 433 U.S. at 84-85; citing Coleman, 501 U.S. at 729-730)

Mr. Rindahl's second state petition did not claim the existence of newly discovered evidence under § 21-27-5.1(1) or "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court and the South Dakota Supreme Court, that was previously unavailable[]"

6

under § 21-27-5.1(2). S.D.C.L. § 21-27-5.1 provides "independent and adequate state procedural grounds" for rejecting Mr. Rindahl's second state petition. Walker, 562 U.S. 316. Mr. Rindahl fails to identify any cause or prejudice resulting from the state court judge's rejection of his state second habeas petition. The fourth objection is overruled.

The R&R found 28 years, 9 months and 16 days passed between the date when Mr. Rindahl's conviction became final in state court and the date of the filing of his 2254 Petition. (Docket 15 at p. 7). For the reasons analyzed in the R&R, the court finds the 2254 Petition was untimely under 28 U.S.C. § 244(d)(1) (one-year limitation) and bars review of the petition.

**ORDER**

Based on the above analysis, it is

ORDERED that the petitioner's objections (Docket 16) are overruled

IT IS FURTHER ORDERED that the report and recommendation (Docket 15) is adopted in full.

IT IS FURTHER ORDERED that respondent's motion to dismiss (Docket 11) is granted.

IT IS FURTHER ORDERED that the petition (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that petitioner's motion to be brought forth (Docket 7) is denied as moot.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. Although the court declines to issue a certificate of appealability, Mr. Rindahl may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated January 9, 2020.

BY THE COURT:

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE